## CHANCE v. BUXTON.

No. 11959.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1947.

Henry T. Chance, of Augusta, Ga., for appellant.

Dunbar Harrison of Savannah, Ga., and J. Henry Howard, of Sylvania, Ga., for appellee.

Before SIBLEY, HOLMES, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This is a suit by appellant to cancel, as clouds upon his title, two recorded deeds, one of which purports to have been executed by Mrs J. C. West to Julian A. Buxton, the other by Julian A. Buxton to Preston Buxton. The first is alleged to have been obtained by fraud and, therefore, to be void; the second, among other reasons, is alleged to be void because the title of the grantor therein is traced solely through the first deed. The decisive question is whether Mrs. West is an indispensable party to the suit. The court below held that she was and that her presence would defeat federal jurisdiction. Thereupon, the complaint was dismissed and this appeal followed.

The complaint, in addition to jurisdictional facts, alleges that appellant is the owner of a tract of land conveyed to him by deed, a copy of which is made an exhibit thereto; that said deed was signed by Mrs. West on April 11, 1946; that several years prior to that time, on July 9, 1937, Mrs. West had conveyed said property to Julian A. Buxton by deed, but that said instrument reserved title in the grantor for her lifetime, and was never intended to be delivered to the grantee until after her death; that this deed is also made an exhibit to the complaint; that the said grantee died on January 14, 1945, and at the time of his death said deed had never been delivered to him by Mrs. West but had always been retained in her possession, without any intention on her part to deliver it during her life; that on December 19, 1944, said grantee, who was residing in the home of Mrs. West, was stricken critically ill; that he had a blood clot on the brain, became delirious, and was admitted to the hospital in a delirious condition.

A few days thereafter, it is alleged, Preston Buxton, one of the defendants, came to Mrs. West's home and stated to her that the hospital was insisting on some satisfactory financial arrangements being made for the hospital expenses incident to Julian's illness, and that it would be necessary for her to give him the original deed in order that he might show it to the hospital authorities and satisfy them in

reference to said expenses; that Mrs. West was eighty-five years old at the time, and was almost completely blind; that she had reared the said Julian Buxton from his infancy, and was devoted to him; that, due to his illness, she was frantic; that she got her keys, opened the closet where the instrument was kept, and gave it to Preston upon his representation, and with the definite understanding, that it was to be brought back to her.

The complaint further alleges that said representations were absolutely without any foundation in fact; and that Preston Buxton, in direct violation of his conversation with Mrs. West, carried said instrument to the Clerk of the Superior Court of Screven County, Georgia, had the same recorded, and has retained the recorded instrument to this day; that Julian Buxton remained in the hospital and continued to be delirious until the date of his death; that while Julian was in the hospital and delirious, Preston Buxton had a deed prepared conveying said land to himself, carried said instrument to the hospital, and purportedly obtained the signature of the said Julian by the latter making his mark thereon; that this deed was also recorded; that, prior to the filing of the complaint herein, Mrs. West, without warranty, conveyed to appellant all her interest in the land in controversy.

The general rule is that all parties to the instrument sought to be cancelled are indispensable parties to the suit for cancellation, unless it is obvious that the one not joined has no interest whatever in the subject matter of the suit. The exception is applicable to Mrs. West in this instance. Here, the subject matter of the suit is the title to the land. The deeds, allegedly, are mere clouds upon the title. Mrs. West not only has no joint interest in the land described in the deeds sought to be cancelled but has no interest of any kind therein. It is said that her liability as warrantor of the title to Julian Buxton renders her an indispensable party. We do not think so. The consideration of the deed signed by her was love and affection plus the nominal sum of one dollar. Her contingent liability on the warranty, if any, is negligible and falls within the doctrine of de minimis.[1] If this were not true, still she would not be prejudicially affected by a judgment cancelling the deed that contains the warranty; nor would she be bound by a judgment denying cancellation, since she is not a party to the present action and the court is without jurisdiction to make an adjudication prejudicially affecting her. With reference to her liability on the warranty, her rights are completely separable from the rights of the parties before the court.[2]

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

---

[1] Sec. 20-1412 of Annotated Georgia Code, which is as follows:
"Upon a breach of covenant of warranty of title to land, the damages should be the purchase money with interest thereon from the time of sale, unless the jury should think, under the circumstances of the case, that the use of the premises was equal to the interest on the money, and that such equitable set-off should be allowed. If valuable improvements have been made, the interest should be allowed."

[2] Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260; Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S. Ct. 10, 54 L.Ed. 80; 12 C.J.S., Cancellation of Instruments, Sec. 52; Rule 19(a) of the Federal Rules of Civil Procedure. Cf. Shields v. Barrow, 17 How. 130, 58 U.S. 130, 15 L.Ed. 158; Mallow v. Hinde, 12 Wheat. 193, 6 L.Ed. 599; Calcote v. Texas Pacific Coal & Oil Co., 5 Cir., 157 F.2d 216.