See also 5 Cir., 164 F.2d 341.

Henry T. Chance, of Augusta, Ga., for appellant.

Dunbar Harrison, of Savannah, Ga., and J. Henry Howard, of Sylvania, Ga., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

This case is before us for the second time. Both appeals followed dismissals by the district court for lack of complete diversity when parties found by the court to be indispensable were joined. The opinion on the first appeal, 5 Cir., 163 F.2d 989, is sufficiently comprehensive to make unnecessary more than a summary of the pleadings and facts relative to the issues before us on this appeal.

The appellant, plaintiff below, acquired a deed to land in Georgia from Mrs. J. C.

## CHANCE v. BUXTON.

### No. 12433.

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1948.

[5] New 18 U.S.C.A. § 402.

West; he later brought suit for cancellation of two prior deeds to the property, one from Mrs. West to Julian A. Buxton and the other from Julian A. Buxton to Preston B. Buxton, the appellee. In Mrs. West's deed conveying title to Julian, she reserved a life estate, and, after its execution, she retained possession of the deed itself. Julian became ill and was hospitalized. Preston Buxton went to Mrs. West's home, and, representing that the hospital was disturbed concerning financial arrangements for the care of Julian, he persuaded her to deliver the deed to him so that he might show it to the hospital authorities; he promised to return it the following day. Instead of returning it, he had the deed recorded and then obtained and had recorded a second deed, signed by Julian's mark, conveying the property from Julian to him. The lower court, upon the pleadings, being of the opinion that Mrs. West was an indispensable party and that her presence would defeat jurisdiction, dismissed the suit. On appeal, we held that Mrs. West was not a necessary party for the reasons (1) that her only liability to the defendant would be under warranty and that, as the deed recited it was given for $1 and natural love and affection, this liability would fall within the de minimis rule; and (2) that, being without interest in the subject matter of the suit, she was within the exception to the rule that all parties to an instrument sought to be cancelled were indispensable parties. We reversed and remanded the cause for further proceedings.

On trial, following remand, there was testimony that Mrs. West had an oral agreement with appellant, made when she deeded the property to him, that she should continue to occupy the premises and receive the revenues therefrom until her death. There was also testimony concerning a written agreement between appellant and one E. L. Oliver that the latter would receive one half of the property on Mrs. West's death provided he cared for her during her life. Upon this testimony, the court below found that both Mrs. West and Oliver had interests in the land in common with appellant and were indispensable parties. The court also found that Mrs. West's deed to Julian conveyed a remainder interest in the property and reserved a life estate to her. It then sustained a motion by defendant based on lack of diversity and dismissed the suit. From the findings and subsequent dismissal, plaintiff has again appealed.

Much space, with copious citations from Georgia decisions, is devoted in the briefs to a discussion of the deed from Mrs. West to Julian. Appellant urges that, under Georgia law, it is testamentary and that Mrs. West's death is requisite to effectuating title in Julian. Appellee contends, as the court below held, that, under the local law, Mrs. West vested Julian with title, retaining a life estate in herself. We think a present decision of this question premature. The charge of misrepresentation or fraud, under which Mrs. West allegedly parted with possession of the deed to Julian, should first be resolved. If fraud is found, as alleged, the element of delivery by the vendor to the vendee, necessary to the validity of the deed would be lacking: Appellee would take nothing thereunder. Such a finding would foreclose consideration of the nature of this deed or of the rights it purported to create.

The only question we need now determine is, Did the trial court err in ruling that Mrs. West and Oliver were indispensable parties, whose presence would destroy diversity?

Under the provisions of the deed to Julian, Mrs. West retained the possession of and the revenues from the property during her lifetime; those same rights she enjoyed under the agreement with appellant. The outcome of this suit will not affect those rights. In Lawrence v. Sun Oil Co., 5 Cir., 166 F.2d 466, 469, we said: "* * * in numerous adjudications it has been held that the test of indispensability is whether the absent party's interest in the subject matter of the litigation is such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the rights of the absent party."

Applying this test to the facts before us, we hold that Mrs. West is not an indispensable party. Nor is Oliver an indispensable

party. His agreement with the plaintiff is entirely executory. Should appellant's deed be determined valid and should Oliver perform the condition precedent for conveyance to him, his interest will ripen; he has, however, no present standing which requires his joinder as an indispensable party in this proceeding.

The judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.