PETROLEUM ANCHOR EQUIPMENT,
INC., Petitioner,

v.

William D. TYRA, Sr., et ux. Dorothy B.
Tyra, Respondents.

No. A–10996.

Supreme Court of Texas.

Oct. 5, 1966.

Burford, Ryburn & Ford, Spencer C. Relyea, III, and John L. Estes, Dallas, for petitioner.

Baker, Jordan, Shaw & Foreman, Dallas, Robert L. Netterville, Natchez, Miss., Forrest B. Jackson, Jackson, Miss., for respondents.

CALVERT, Chief Justice.

The only question presented by the appeal in this case as it reaches this court is one of indispensable parties. The court of civil appeals on its own motion reversed a trial court judgment adverse to petitioner, Petroleum Anchor Equipment, Inc., and remanded the cause to the trial court because one Luther S. Fite was not a party to the suit. 392 S.W.2d 873. We reverse the judgment of the court of civil appeals and remand the cause to that court.

Petroleum Anchor Equipment, Inc., was the owner of an application for letters patent to an invented device used in anchoring pipelines in marshy terrain. Petroleum executed a bill of sale and assignment of the invention and the application for letters to Fite in the name of the corporation on February 14, 1963, and Fite executed an assignment to William D. Tyra, Sr., on March 4, 1963.

Petroleum, as plaintiff in the trial court, sought by its suit to cancel the bill of sale and assignments from it to Fite and from Fite to Tyra, to recover ownership and possession of the invention and the application, and to enjoin further transfer and assignment thereof by the defendants during pendency of the suit. Only Tyra and his wife were made defendants to the suit. Cancellation was sought by Petroleum on the ground that the sale and assignment from it to Fite was the result of a fraudulent conspiracy between its president and Fite, and that execution of the instrument was unauthorized by proper corporate authority and was therefore void. Following a jury trial of the issues made by the pleadings, the trial court rendered judgment directing that plaintiff take nothing and dissolving a temporary injunction, theretofore granted, which had restrained and enjoined the Tyras from selling and assigning the invention and letters during pendency of the suit. Petroleum appealed.

As heretofore indicated, neither party raised the question in the trial court or in the court of civil appeals that Fite was a jurisdictionally indispensable, a necessary, or even a proper party to the suit. Nevertheless, the court of civil appeals noted Fite's absence as a party and held that he was a necessary and indispensable party in whose absence the trial court had no jurisdiction to proceed. The court thus treated the action of the trial court in proceeding to trial and judgment in the absence of Fite as fundamental error.

If Fite were truly an indispensable party to the suit, we would agree that the error in proceeding in his absence was fundamental error which could and should have been noticed by the court of civil appeals on its own motion. It was so held in Sharpe v. Landowners Oil Ass'n, 127 Tex. 147, 92 S.W.2d 435 (1936), and it must be so in the narrower concept of fundamental error announced in the opinions in Ramsey v. Dunlop, 146 Tex. 196, 205 S.W. 2d 979 (1947). Jurisdiction over indispensable parties to a suit is as essential to the court's right and power to proceed to judgment as is jurisdiction of the subject matter. See Scott v. Graham, 156 Tex. 97, 101, 292 S.W.2d 324, 327 (1956). Compare McCauley v. Consol. Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957). However, we do not agree that Fite is an indispensable party to this suit.

Decision of any question of necessary parties to a suit should be made in light of the provisions of Rule 39, Texas Rules of Civil Procedure. The rule was adapted from Rule 19, Federal Rules of Civil Procedure. Since the adoption of rule 39, the courts of this state, following the lead of the federal judiciary, have been inclined to give too little attention to the wording of the rule and overriding attention and effect to prior judicial decisions, often ignoring the rule altogether.

Rule 39, titled "Necessary Joinder of Parties," reads:

(a) Necessary joinder. Except as otherwise provided in these rules, persons having a joint interest shall be made parties and be joined as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

(b) Effect of failure to join. When persons who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court, the court shall order them made parties. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them can be acquired only by their consent or voluntary appearance; but the judgment rendered therein shall not affect the rights or liabilities of persons who are not parties.

(c) Names of omitted persons and reasons for non-joinder to be pleaded. In any pleading in which relief is asked, the pleader shall set forth the names, if known to him, of persons who ought to be parties, if complete relief is to be accorded between those already parties, but who are not joined, and shall state why they are omitted.

It is at once apparent that the "necessary" parties of which the rule speaks fall into two categories: (1) those who under paragraph (a) *"shall* be made parties," [1] and (2) those who under paragraph (b) "ought to be parties if complete relief is to be accorded between those already parties." It is also at once apparent that "persons having a joint interest" within the meaning of paragraph (a), properly interpreted, are *indispensable* parties, but that those who simply ought to be joined if complete relief

is to be accorded between those already parties are not *indispensable.* The rule expressly confers discretion upon trial courts to proceed without joinder of persons in the second category if jurisdiction over them can be acquired only by their consent or voluntary appearance. If joinder of such persons is discretionary, their joinder cannot be essential to jurisdiction of a court to proceed to judgment.

The distinction between the two categories of necessary parties was recognized by the late Robert W. Stayton, Professor of Procedure in the University of Texas School of Law and member of the Supreme Court Advisory Committee and its subcommittee which drafted the rule. In a lecture entitled *Important Developments Since 1940 in the Texas Law Relating To Parties and Actions,*[2] delivered within a few years after adoption of the rules, Professor Stayton said:

Now, all the authorities agree that, whether you take the old Federal rule, or whether you center upon the Texas rule, this rule 39 that you have before you embraces indispensable parties, and another class, which, for want of a better name, I will call insistible parties, that is to say parties who should be made, and, if another party in the suit insists upon it, must be made, in the proper way, unless jurisdiction cannot be gotten over them, in which event, this procedure is excused. The heads, then are 'indispensable' and 'insistible' parties. Really, there is no such word as the latter. I have invented it to give you the idea.

In 3 Moore's Federal Practice, § 19.05[2] (2d ed. 1964) persons in the second category are referred to as "conditionally necessary" parties.

Much has been written on the subject of necessary and indispensable parties by the courts of this State, both before and

---

1. Emphasis ours throughout unless otherwise indicated.

2. The lecture is on file at The School of Law, University of Texas, in a folder titled U. of T. Law Refresher.

since adoption of the Texas Rules of Civil Procedure. No useful purpose would be served by undertaking a review of all of the cases cited in the opinion of the court of civil appeals and in the briefs of the parties. It is sufficient to say we have concluded that Fite may be an "insistible" or "conditionally necessary" party, but he is not an indispensable party to this suit; and, therefore, that it was not fundamental error to proceed to trial and judgment in his absence.

Fite has no "joint interest" in the invention or in the application for letters patent, either as assignee of Petroleum or as assignor of Tyra. He has long since disposed of his interest, and no judgment for injunctive relief or for damages is sought against him. Any judgment cancelling the bill of sale and assignment from Petroleum to him would not be res judicata as to him in any suit to which he may be a party. The Tyras do not contend otherwise. Their claim that Fite is an indispensable party is three-fold: (1) it is a settled rule of law that all parties to a written instrument are necessary parties to a suit to cancel it; (2) Fite's rights will be prejudiced by the judgment in this case if the Tyras should lose it and later sue him to recover the money paid him; (3) similarly, the Tyras' rights may be prejudiced if they should lose this case and should later sue Fite to recover the money paid him.

Most of the Texas cases cited for the proposition that all parties to a written instrument are necessary parties to a suit to cancel it antedate the Rules of Civil Procedure. Our latest decision directly on the question when the instrument sought to be cancelled is only a link in a chain of title is McDonald v. Alvis, 154 Tex. 570, 281 S.W.2d 330 (1955). In that case Alvis and wife brought suit to cancel a mineral deed executed by them to G. O. Kelley who, during his lifetime, had conveyed the mineral interest to T. B. McDonald and Claude McDonald, Trustees. A trial court judgment for the McDonalds was reversed by the court of civil appeals on its own motion because the heirs of Kelley, among others, were not parties to the suit. The court of civil appeals held, in effect, that because Kelley was a party to the instrument sought to be cancelled, his heirs were indispensable parties to the suit. 276 S.W.2d 957. This court disagreed, and said (281 S.W.2d 330 at 331):

> His [Kelley's] unknown heirs are not necessary parties, for the reason that Kelley had conveyed all of his interest to the McDonalds and no relief of any kind or character was sought against the estate of Kelley or his unknown heirs.

Compare Hunt v. Ramsey, 162 Tex. 133, 345 S.W.2d 260 (1961), a bill of review proceeding to set aside a judgment awarding title to land, in which proceeding the mineral lessee under the judgment was made a party but those in its chain of title were not, and in which we held that those in the chain of title were not even "insistible" parties because they had "no present interest to protect." In that case the trial court had sustained a plea in abatement and exceptions based on the absence of necessary parties and had dismissed the suit.

The principal cases relied upon for a holding that Fite is an indispensable party because he is a party to the written instruments sought to be cancelled are Royal Petroleum Corp. v. Dennis, 160 Tex. 392, 332 S.W.2d 313 (1960); Sharpe v. Landowners' Oil Ass'n, 127 Tex. 147, 92 S.W.2d 435 (1936); Merritt v. Ryno, 268 S.W.2d 546 (Tex.Civ.App.—Waco 1954, no writ); and Backus Portable Steam Heater Co. v. Simonds, 2 App.D.C. 290 (D.C.Cir.1894). In Dennis we had no occasion to determine whether the absent persons were indispensable parties; the defendants had insisted by plea in abatement that the absent persons be joined, and we held that the trial court properly sustained the plea. Sharpe was decided before adoption of the Rules of Civil Procedure. Moreover, the absent persons held to be indispensable parties were shown to have a present interest under the instrument sought to be

cancelled. Inasmuch as Merritt v. Ryno is a no writ history case, it would be persuasive at best; and the failure of the court deciding it to notice rule 39 and its possible application robs the decision of any persuasive force.

*Simonds* is rather closely analogous on the facts. It was decided according to a test of indispensability laid down by the Supreme Court of the United States in Shields v. Barrow, 58 U.S. (17 How.) 130, 15 L.Ed. 158 (1855), long before adoption of Federal Rule 19, a test which has since been liberalized in many respects to permit a court to proceed to adjudicate the rights of the parties in the suit before it. See 2 Barron & Holtzoff, Federal Practice and Procedure, § 512 (Rules ed. 1961); Reed, Compulsory Joinder of Parties in Civil Actions, 55 Mich.L.Rev. 327, 340 (1957). In *Simonds* the Steam Heater Company sued the Commissioner of Patents and Whipple and Baldwin. It alleged that it was the owner of letters patent on a heater and that Whipple, its former agent, fraudulently assigned the rights thereto to Baldwin. It sought cancellation of the assignment and an injunction against both to prevent the exercise of any rights under the fraudulent assignment. The court held that both were indispensable parties to the suit to cancel the assignment because of the allegation that it was fraudulent and void. It is apparent that Whipple was an indispensable party to the suit because injunctive relief was sought against him. Beyond a holding to that effect, the opinion would seem to be dicta.

The second reason, listed above, for insisting that Fite is an indispensable party, must refer to *factual* rather than *legal* prejudice since a judgment in this case canceling the assignment to Fite would not be res judicata of a subsequent suit by Tyra against Fite. Persons whose rights will be only *factually* prejudiced are sometimes held to be indispensable parties, but in such cases the interests of the absent parties should be more directly involved than are the interests of Fite in this suit. See 55

Mich.L.Rev. 327, supra; Note, 65 Harv. L.Rev. 1050 (1952). A similar argument was advanced and rejected in Chance v. Buxton, 163 F.2d 989 (5th Cir.), rehearing denied, 164 F.2d 341 (5th Cir. 1947). On subsequent appeal, see 170 F.2d 187, 189 (5th Cir. 1948). In *Chance* one grantee of land sued another grantee from a common grantor to recover the land and to cancel the deed to the second grantee. It was urged that the common grantor was a necessary party to the suit because of the possibility of liability of the grantor on the warranty in the deed sought to be cancelled. One of the grounds on which the argument was rejected was that the issue was a separate one and could be tried separately. Compare Hook v. Hook & Ackerman, Inc., 187 F.2d 52 (3d Cir. 1950).

■ The third listed reason furnishes a sound basis for holding that Fite is an "insistible" or a conditionally necessary party since a judgment in this case adverse to the Tyras might be followed by an unsuccessful suit by the Tyras against Fite. However, this is not a sound basis for holding that he is an indispensable party. The claim that the Tyras who are parties to the suit cannot be accorded complete relief because of the absence of Fite, should have been presented to the trial court by plea in abatement. The record shows that Fite is a resident of Mississippi and was therefore not subject to the jurisdiction of the court. The situation, if properly presented to the court, would have invoked the discretion of the court as expressly provided in paragraph (b), rule 39.

The ultimate relief sought by Petroleum is recovery of the application for letters patent and title to the invention from the Tyras who are the only persons having any claim of interest thereto. The good faith of Tyra in paying a valuable consideration for the assignment from Fite is not in question. The only basis asserted for Petroleum's right to recover the application and title to the invention is that the bill of sale and assignment from its president to Fite

was unauthorized by corporate authority and is void. Whether cancellation of that instrument is essential to the ultimate relief sought from the Tyras, or will afford complete relief, is not for us to decide. In any event, we hold that Fite, having and claiming no joint or present interest in the subject matter of the suit, is not an indispensable party.

The judgment of the court of civil appeals is reversed, and the cause is remanded to that court for further consideration.