**Louise Elizabeth SAMPLES, Plaintiff,**

v.

**John Charles SAMPLES, Defendant,**

v.

**The UNITED STATES of America, Garnishee.**

Civ. No. 75–0901–D.

United States District Court,
W. D. Oklahoma.

March 25, 1976.

Richard Morris, Oklahoma City, Okl., for plaintiff.

David L. Russell, U. S. Atty., by John E. Green, Asst. U. S. Atty., Oklahoma City, Okl., for Garnishee.

MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

At the Pretrial Conference herein conducted on March 3, 1976 the parties submitted this case to the Court for decision on the record before the Court and the applicable law.

Plaintiff has garnisheed the United States of America for unpaid child support reduced by her in the divorce Court to Judgment against the Defendant and which Judgment is owed by the Defendant, a former employee of the United States currently receiving monthly pension payments. This garnishment is permitted by 42 U.S.C. § 659. The United States of America removed the garnishment action to this Court. The United States of America then answered the garnishment summons stating that it has withheld 25% of the currently monthly pension payment to the Defendant. Plaintiff has objected to the answer of the United States of America claiming that the

United States of America should withhold 100% of the current monthly pension payment to the Defendant. This issue has been briefed by the Plaintiff and the United States of America following which the case was set for a pretrial conference which resulted in the aforementioned submission to the Court for decision on the record and applicable law.

■ The Court finds and concludes that the Defendant's pension payments are current earnings. 15 U.S.C. § 1672(a). As such they are subject to allowable exemptions. The Court further finds and concludes that the maximum amount of the Defendant's pension which may be withheld by the United States of America is 25%. 12 Oklahoma Statutes § 1173; 15 U.S.C. § 1677(1). See *Willhite v. Willhite*, in Vol. 47, Oklahoma Bar Association Journal, p. 448 (February 17, 1976) and *Crane v. Crane* (E.D.Okl.1976).

■ Plaintiff's contention that 31 Oklahoma Statutes § 3 permits 100% of current earnings to be withheld because the Defendant is a non-resident of Oklahoma is without merit. 12 Oklahoma Statutes § 1173 is in the Garnishment Chapter of the Oklahoma Statutes, whereas, 31 Oklahoma Statutes § 3 is found in the Homestead and Exemptions Chapter of the Oklahoma Statutes. It is believed that exemptions in garnishment proceedings are controlled by the Garnishment Chapter (and not the Homestead and Exemptions Chapter) and in this connection in said Garnishment Chapter 12 Oklahoma Statutes § 1171 provides:

"§ 1171. Right to garnishment

Any creditor shall be entitled to proceed by garnishment in any court of record having civil jurisdiction in the proper county against any person who shall be indebted to, or have any property, in his possession, or under his control belonging to such creditor's debtor, in the cases, <u>upon the conditions, and in the manner hereinafter described</u>." (Underscoring supplied)

In 12 Oklahoma Statutes § 1173 (in the Garnishment Chapter) an exemption is provided as to current earnings in this language:

". . . you are further ordered to withhold any such property or indebtedness belonging to such defendant or owing on the date of service of this summons, <u>other than seventy-five percent (75%) of defendant's current earnings</u>, until the further order of this court;" (Underscoring supplied)

12 Oklahoma Statutes § 1173 makes no distinction between residents and non-residents. The same is true in 12 Oklahoma Statutes § 1171.1 (in the Garnishment Chapter) as to pre-judgment garnishment proceedings. See *Crane v. Crane v. USA, supra*.

Hence, under Oklahoma law both residents and non-residents have a 75% exemption in a garnishment proceeding as to current earnings.

Based on the foregoing, Judgment should be entered herein as to the effect that the United States of America has withheld the correct amount of the Defendant's applicable pension payment; that the United States of America should pay the amount so withheld into the Registry of the Court and the Clerk of the Court should be ordered to pay the same to the Plaintiff.