Loquita BREEDLOVE, Appellant,

v.

UNITED STATES of America, DEPARTMENT OF the AIR FORCE, Appellee.

No. 1108.

Court of Civil Appeals of Texas, Tyler.

July 6, 1978.

Pat M. Reed, Dallas, for appellant.

John H. Hannah, Jr., U. S. Atty., Otis W. Carroll, Jr., Asst. U. S. Atty., Tyler, for appellee.

DUNAGAN, Chief Justice.

Appellant filed an application for writ of garnishment on October 27, 1975, in the 15th Judicial District Court of Grayson County against the United States of America, Department of the Air Force as garnishee, to aid in the enforcement of a child support order granted in a previous divorce decree rendered January 19, 1971, in a suit brought by her. The respondent in the divorce action, Robert Hartford, was a retired Air Force employee and received military retirement pay. Appellant sought $14,850 as the unpaid balance due and owing by Robert Hartford for child support.

Robert Hartford, the former husband of appellant, was not made a party to the application for writ of garnishment and nothing appears in the record to show that he was ever in any way notified of this claim against him. Whether or not Robert Hartford is in arrears in the amount of $14,850 has not been put in issue between the one claiming and the one obligated to pay it, and the former husband has not had the opportunity to defend against such claim. The garnishment suit brought against a third party, the United States Government, resulted in a default judgment. In its bill of review and its motion for summary judgment the Government alleges that Robert Hartford's retirement military pay "is constitutionally exempt from garnishment under the provisions of Article 16, sec. 28 of the Texas Constitution and Article 4099 of Vernon's Revised Civil Statutes." The trial court granted appellee's motion for bill of review and after a hearing the appellee's motion for summary judgment was granted, and appellant's cause of action was dismissed.

Appellant presents this appeal on two points of error. That (1) the bill of review was improperly granted because the appellee made no showing they were prevented from asserting a meritorious defense because of fraud, accident or wrongful act of appellant; (2) the granting of the summary judgment was improper because the monthly retirement pay due Robert Hartford, the respondent in the divorce case, was constitutionally exempted from garnishment under the provision of Article 16, sec. 28 of the Constitution of the State of Texas, and Article 4099, V.A.C.S. However, this appeal will be disposed of for other reasons.

■ In the absence of former husband, Robert Hartford, being named as party or showing that he had ever been notified of claim for unpaid child support or showing of any judicial determination that he was in arrears, allowance of prejudgment garnishment of former husband's military retirement pay violated due process. *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, rehearing denied, 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165 (1972); *Texas Commerce Bank National Association v. Tripp,* 516 S.W.2d 256 (Tex.Civ.App.–Fort Worth 1974, n. w. h. ); *United States of America v. Fleming,* 565 S.W.2d 87 (Tex. Civ.App.–El Paso 1978, n. w. h.). Rule 663a, T.R.C.P., which became effective January 1, 1978, provides for notice in such situations. This case was brought prior to the amendment of the Rules of Civil Procedure affecting garnishment in Texas.

■ There is no point of error concerning any of these obvious defects for which the appellant is responsible, but the absence of the alleged debtor from the garnishment case because of lack of notice to him, resulted in absence of an indispensable party and presented fundamental error of which this Court is required to take notice. Jurisdic-

tion over indispensable party to suit is as essential to court's right and power to proceed to judgment as its jurisdiction of subject matter. *United States v. Fleming,* supra; *Petroleum Anchor Equipment, Inc. v. Tyra,* 406 S.W.2d 891 (Tex.1966).

The *Fleming* case is on all fours with the case at bar and is controlling thereof. In this case, as in the *Fleming* case, the claim for child support was reduced to judgment without any notice to the one obligated to pay it. Judgment was rendered without notice, and therein lies the fault of this case.

In view of the probability of another trial, we call attention to the Consumer Credit Protection Act, 15 U.S.C., sec. 1672; *Evans v. Evans and the United States of America, Garnishee,* 429 F.Supp. 580, U.S. District Court W.D. Oklahoma (1976); *Samples v. Samples (United States of America, Garnishee),* 414 F.Supp. 773, U.S. District Court W.D. Oklahoma (1976).

In view of the Rules of Civil Procedure having been amended to remove the constitutional defects, the judgment is reversed, and the cause is remanded to the trial court to enable the appellant to proceed under the amended rules effective January 1, 1978.