H. T. Vondy

B 9727

Appellant

FILED
IN SUPREME COURT
OF TEXAS

AUG 25 1980

GARSON W JACKSON, CLERK

BY_____ ,DEPUTY

Vs.    No. 5467--Appeal from Uvalde County

Commissioners Court of Uvalde County, Texas et al

Appellees

H. T. Vondy sought a writ of mandamus against the Commissioners Court of Uvalde County, Texas and only four of its five members, County Judge J. R. White, Commissioners Gene Ilse, Gilbert Torres, and Norment Foley, to compel them to set a reasonable salary for the office of Constable, Precinct #6 of Uvalde County, Texas. Commissioner Woodrow Head was not named as a party. The trial court entered judgment denying any relief. Vondy appeals. We vacate the judgment and dismiss the cause.

Vondy was duly elected to the office of Constable, Precinct #6, Uvalde County, Texas on November 7, 1978, at the general election. He took the oath of office on January 1, 1979, and entered upon his duties as Constable. Vondy appeared before the Commissioners Court on more than one occasion requesting a reasonable salary be set for his office. The named defendant members of the court all voted not to set a salary for the office. Vondy contends that the Commissioners Court and its members are mandated to fix a salary pursuant to the provisions of TEX.REV.CIV.STAT.ANN. art. 3883i § 1 (1966).

We will not consider the merits of this case because Woodrow Head, one of the duly elected members of the Commissioners Court of Uvalde County, was not made a party in the instant cause. In the early case of Gaal v. Townsend, 14 S.W 365 (Tex.1890), an action was brought to procure a writ of mandamus to compel the county judge to permit the appellant to perform his duties as a county commissioner. The other members of the Commissioners Court were not made parties to the suit. The court said

> We think it is a general rule that, when the performance of a duty is sought to be compelled by the writ of mandamus, all persons charged with the performance of that duty must be made parties defendant in the writ....
>
> In a proceeding by mandamus to compel a body of persons to perform an act, all whose duty and privilege it may be to participate in the performance of that act must be made parties defendant.

All the commissioners were charged with the performance of the duty of determining the salary to be paid to Vondy. Woodrow Head's absence is fundamentally

erroneous and is noted by this court on its own motion. Petroleum Anchor Equipment v. Tyra, 406 S.W.2d 891 (Tex.1966). We believe this to be true even though the court in Cooper v. Texas Gulf Industries, Inc., 513 S.W.2d 200 (Tex.1974) said:

> Under the provisions of our present Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined.

We hold the absence of Head in the cause at bar is one of those rare instances which deprives the court of jurisdiction.

The judgment of the trial court is vacated, and the cause is dismissed.

RALEIGH BROWN

ASSOCIATE JUSTICE

June 26, 1980

THE STATE OF TEXAS       X

COUNTY OF EASTLAND       X

I, OLETA MOSELEY, CLERK of the Court of Civil Appeals,

Eleventh Supreme Judicial District of Texas, do hereby certify

that the above and foregoing opinion is a true and correct copy

as entered in the above cause, as the same appears now of record

in my said office.

GIVEN under my hand and seal of office this the __20th__

day of _____August_____, 19 _80_ .


OLETA MOSELEY, CLERK


BY: ~~SHERRY WILLIAMSON, DEPUTY~~

B 9727

H. T. Vondy,                          ⟧ From the 38th District Court of Uvalde County.

Vs.    No. 5467                       ⟧ June 26, 1980

Commissioners Court of Uvalde
County, Texas et al,                  ⟧ Opinion by Brown, A  J.

This cause came on to be heard on the record and the same being inspected, it is the opinion of the Court that there was error in the judgment. It is therefore ordered, adjudged and decreed that the judgment of the trial court be, and the same is hereby, vacated and the cause dismissed, in accordance with this Court's opinion. It is further ordered that the costs incurred by reason of this appeal be, and the same are hereby, taxed against appellant, H. T. Vondy, principal, and Merchants Mutual Bonding Company, surety on his appeal bond, for which let execution issue, and that this decision be certified below for observance.

----------------------

FILED
IN SUPREME COURT
OF TEXAS

AUG 25 1980

GARSON R. JACKSON, CLERK
BY_____DEPUTY

H. T. Vondy,                     ⟧ July 17, 1980

Vs    No. 5467                   ⟧

Commissioners Court of Uvalde
County, Texas et al,             ⟧ This day came on to be heard Appellant's motion

for rehearing and the same, having been duly considered, is hereby overruled.

----------------------

THE STATE OF TEXAS }

COUNTY OF EASTLAND }

I, OLETA MOSELEY, CLERK of the Court of Civil

Appeals, Eleventh Supreme Judicial District of Texas,

do hereby certify that the above and foregoing is a

true and correct copy of all orders and judgments entered

in the above cause, as the same appear now of record in

my said office

I further certify that the $25.00 deposit for

costs in the Court of Civil Appeals was paid by appellants
IN THE SAN ANTONIO COURT OF CIVIL APPEALS.
-on-the---------day-of-------------------;-19-- _____ . I also

certify that the bill of costs in the Transcript shows

that the Transcript is UNPAID and the Statement of Facts

is   NONE  .

GIVEN under my hand and seal of office this the

   21st   day of  August   , 19 80  .

OLETA MOSELEY, CLERK

BY: Oleta Moseley
Sherry Williamson, DEPUTY

No. 5 4 6 7 .

H. T. VONDY

vs.

COMMISSIONERS COURT OF UVALDE
COUNTY, TEXAS ET AL

## TRANSCRIPT OF PROCEEDINGS

in

# Court of Civil Appeals
# Eleventh District

B 9727

AUSTIN McCLOUD
CHIEF JUSTICE

RALEIGH BROWN
ASSOCIATE JUSTICE

BOB DICKENSON
ASSOCIATE JUSTICE

# Court of Civil Appeals
## Eleventh Supreme Judicial District

OLETA MOSELEY
CLERK

SHERRY WILLIAMSON
DEPUTY CLERK

TELEPHONE
817 629 2638

P.O. BOX 271
EASTLAND, TEXAS 76448

August 22, 1980

Mr. Garson R. Jackson, Clerk          Re:  H. T. Vondy
Supreme Court of Texas                      v.  No. 5467
Capitol Station                             Commissioners Court of Uvalde
Austin, Texas 78711                         County, Texas et al

Dear Sir:

   Enclosed herewith is application for writ of error (12 copies) together with check for $10 filing fee from Mr. Harry A. Nass, Jr. and the following filed papers:

Transcript
Appellant's brief (4 copies)
Appellees' brief (4 copies)
Appellant's motion for rehearing
Certified copy of opinion of CCA
Certified copy of orders and judgment of CCA

Yours truly,

Oleta Moseley

Oleta Moseley, Clerk

om
Encls.

xc:  Mr. Harry A. Nass, Jr.
     Mr. James M. Parker
     Mr. David R. White, Jr.