In the Matter of the MARRIAGE OF Guadalupe C. PEACE and Charles W. Peace.

No. 9319.

Court of Appeals of Texas, Amarillo.

March 31, 1982.

West Texas Legal Services, Margaret Colan, Plainview, for appellant.

Richard T. Collard, Friona, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

DODSON, Justice.

This is a divorce action where the trial court rendered judgment on service by publication. Guadalupe C. Peace is the appellant and Charles W. Peace is the appellee. On 1 February 1978, Charles filed his original petition for divorce. On 17 December 1979, he filed an affidavit for service by publication, under Rule 109 of the Texas Rules of Civil Procedure. After a hearing on 28 February 1980, the court rendered judgment granting Charles a divorce from Guadalupe and divided that portion of the estate of the parties located in Texas. On 7 October 1980, Guadalupe filed a motion for new trial, under Rule 329 of the Texas Rules of Civil Procedure. After a hearing on 23 October 1980, the court overruled the motion. Guadalupe appeals from that action by the trial court. On appeal, we conclude that, under the circumstances of this case, the trial court did not have jurisdiction of Guadalupe as a result of the service by publication; therefore, we reverse and remand.

The trial court filed findings of fact and conclusions of law. In pertinent part, the findings and conclusions provide:

### Findings of Fact

1. That on the 28th day of February, A.D.1980, trial was had of the above entitled and numbered cause in the District Court of Parmer County, Texas, following citation by publication upon Guadalupe C. Peace, the respondent, who was represented by the Honorable Charles F. Aycock, appointed attorney ad litem upon her default of answer or appearance during the period of time prescribed, and such trial was conducted in respondent's absence and without notice to her of the trial setting.

2. That such citation by publication was issued and served in reliance upon the affidavit of the petitioner, Charles W. Peace, showing that the respondent, Guadalupe C. Peace, was at that time outside the United States, was not in the Armed Forces of the United States and was staying in Mexico, where her exact whereabouts were unknown to petitioner. Such factual statements in petitioner's affidavit were true.

3. That upon such trial, divorce was granted and a division made of the parties' property, upon evidentiary showing by the petitioner, Charles W. Peace, of insupportability of the parties' marriage, non-existence by either birth or adoption of any children of the marriage and a full and fair disclosure of the nature, extent and description of the parties' property, located both in Texas and in Mexico. Such property division, which took into consideration the value and accessibility to respondent of real property situated in Mexico, afforded a disposition of the parties' property which was just and right.

4. That respondent knew of the pendency of petitioner's said suit for divorce for a long period of time, prior to the trial above described, and made no effort to file any answer or contest the same in any way.

### Conclusions of Law

1. That citation by publication may validly issue upon affidavit of a party to a lawsuit that a party to be served with citation is not in the United States and is not in the Armed Forces of the United States, without any statement that whereabouts of the party to be so served are unknown. Rule 109, *Texas Rules of Civil Procedure.* The affidavit in this cause sufficiently supports the citation by publication which has been had, and the words of the affidavit showing petitioner's lack of. knowledge of the whereabouts of respondent are mere surplusage.

On appeal, Guadalupe brings nine points of error. In the third point of error, she maintains that the trial court's second finding of fact is against the great weight and preponderance of the evidence. By the fourth point of error, she claims that "[a]ny assumed finding that appellee [Charles] exercised due diligence in locating the whereabouts of appellant [Guadalupe] as is required in an affidavit for citation publication is against the great weight and preponderance of the evidence." In the ninth point of error, Guadalupe maintains that

"[t]he trial court misconstrued the manner. in which Texas Rules of Civil Procedure 109 is to be applied in general and specifically in conclusion of law One so as to render the rule unconstitutional. If the Court's construction of Rule 109 is correct then appellant asserts that the statute is unconstitutional on its face."

We first consider Guadalupe's third and fourth points of error. In his Affidavit for Citation by Publication, Charles attempts to invoke two provisions of Rule 109 of the Texas Rules of Civil Procedure. First, he states that "[t]he residence of GUADALUPE C. PEACE, a party. to such cause, is unknown to Petitioner. Petitioner has exercised due diligence to locate the whereabouts of this party and has been unable to do so." In this connection, Rule 109, Tex.R.Civ.P. (Vernon 1979) provides:

Where a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant (and to such party where the affidavit is made by his agent or attorney) ... and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant ... the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant ... before granting any judgment on such service.

Under the above provision, Charles is required to establish that Guadalupe's residence is unknown to him and that, after due diligence, he has been unable to locate her whereabouts. *Wilson v. Rogers*, 343 S.W.2d 309, 323 (Tex.Civ.App.—Houston 1961, writ ref'd n. r. e.). The trial court, also, has a mandatory duty to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant. *Id.*

From the findings of fact filed by the trial court, we observe that the court did not find that Guadalupe's residence was unknown and that after due diligence Charles was unable to locate her whereabouts. Furthermore, in this court, Charles does not contend that he complied with the above stated provision of Rule 109. Nevertheless, on appeal, we are required to review the record and affirm the judgment on any applicable principal of law.

In deciding Guadalupe's factual insufficiency challenges we must consider all of the evidence to determine if the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In this instance, if the evidence is factually insufficient to support a finding that Guadalupe's residence was unknown to Charles or that after due diligence he was unable to locate the whereabouts of Guadalupe, then the service by publication does not support the judgment under the above provision of Rule 109.

Guadalupe is a Mexican citizen. She and Charles were married by two ceremonies: one in Mexico in 1957 and the other in Roswell, New Mexico in 1958. They owned property in Mexico located at Bucerias Niaret. Three houses are situated on the property.

Guadalupe has two sisters living in Bucerias Niaret and numerous cousins living in Puerto Vallarta, Mexico, which is located about seventeen miles from Bucerias Niaret. Annually, prior to the divorce proceedings, Charles and Guadalupe vacationed in Mexico in the Bucerias Niaret—Puerto Vallarta area.

In December of 1977, Charles and Guadalupe went to Mexico for their annual vacation. However, Guadalupe did not return with Charles. On 1 February 1978, Charles filed his original petition for divorce. After he filed for divorce, Charles went to Mexico to get Guadalupe to sign the divorce papers; i.e., a waiver of citation and a property settlement agreement. She refused to sign the papers, told him she would never give him a divorce, and returned to Parmer County, Texas with him. In May of 1979, Charles took Guadalupe to their property in Bucerias Niaret. He testified that he took her to the property because she wanted to live in Mexico and "[t]hat's where she wanted to go." On 17 December 1979, Charles filed his affidavit for service by publication. Publication was had in the Friona Star, a weekly newspaper of general circulation in English at Friona in Parmer County, Texas. The evidence shows that during the period from May to December 1979, Charles sent money to Guadalupe at Bucerias Niaret, and he received at least one telephone call from her. By his testimony, Charles admitted that he knew where to send mail to Guadalupe, that he had sent her at least one letter which was addressed "Domicilio Conocido, Bucerias Niaret, Mexico," and that she received the letter.

From our review of the record, we find some evidence to support the finding that Guadalupe "was staying in Mexico, where her *exact* whereabouts were unknown to petitioner [Charles]." However, the evidence is factually insufficient to show that Charles used due diligence to locate the whereabouts of Guadalupe. In fact, the record is devoid of such evidence. Rather, the record shows that, with due diligence, Charles could have ascertained Guadalupe's whereabouts in Mexico. Under these circumstances, we are precluded from any implied finding of due diligence in support of the judgment. Rule 299 Tex.R. Civ.P. (Vernon 1977). Guadalupe's fourth point of error is sustained.

In his affidavit for service by publication, Charles further says that "GUADALUPE C. PEACE, the Respondent herein, is not within the United States and is not in the armed forces of the United States, but is living somewhere in Mexico." In this connection Rule 109 provides that:

> where the affidavit shows that the defendant is not within the United States, and is not in the Armed Forces of the

United States, it shall not be necessary for the party to show that the residence or whereabouts of the defendant is unknown or that an attempt has been made to procure service of nonresident notice.

Charles contends that the evidence shows that Guadalupe was not in the United States and was not in the Armed Forces of the United States and that, under the above provision of Rule 109, service by publication is authorized and valid upon Guadalupe. However, by her ninth point of error, Guadalupe, in essence, maintains that, under the circumstances of this case, the service of citation by publication under the above provision of Rule 109 does not pass constitutional muster. We agree with Guadalupe's contention.

It is elementary and settled that jurisdiction over an indispensable party to a suit is as essential to the court's right and power to proceed to judgment as is its jurisdiction of the subject matter. *Petroleum Anchor Equipment, Inc. v. Tyra*, 406 S.W.2d 891, 892 (Tex.1966). *See also Breedlove v. U. S. Dept. of Air Force*, 569 S.W.2d 582, 583 (Tex.Civ.App.—Tyler 1978, no writ). The Supreme Court stated, in *Mullane v. Central Hanover B. & T. Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection." *See also Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965). Service by publication is the method of notice which is least calculated to bring to the potential defendant's attention the pendency of a judicial action. *See Mullane*, 339 U.S. at 315, 70 S.Ct. at 657. The Supreme Court added, in *Schroeder v. New York*, 371 U.S. 208, 212–13, 83 S.Ct. 279, 282–83, 9 L.Ed.2d 255 (1962), the following:

> The general rule that emerges from the Mullane Case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question. "Where the names and post-office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." 399 U.S., at 318, 70 S.Ct. at 659.

Under all of the circumstances of this case, service by publication in the Friona Star located in Parmer County, Texas was not reasonably calculated to apprise Guadalupe of the pendency of the action and afford her an opportunity to present objections to the action. By his testimony at the hearing on the motion for new trial, Charles admitted that he knew where to send mail to Guadalupe in Mexico and that he had sent at least one letter to her Mexico address. Furthermore, the trial court's finding that Guadalupe knew of the pendency of Charles' action for a divorce for a long period of time and made no effort to file an answer and contest the action in any way does not aid or support the trial court's jurisdiction to render the 28 February 1980 judgment for divorce. *See Wuchter v. Pizzutti*, 276 U.S. 13, 24–25, 48 S.Ct. 259, 262–263, 72 L.Ed. 446 (1928); *United States v. Smith*, 398 F.2d 173, 177–78 (3rd Cir. 1968).

The judgment is reversed and the action is remanded to the trial court for a new trial.