Victor SCHWERTNER et ux., Appellants,

v.

Joe T. JONES, Appellee.

No. 11767.

Court of Civil Appeals of Texas, Austin.

July 8, 1970.

James A. Rindfuss, San Antonio, Paul Petty, Ballinger, for appellants.

Grindstaff & Grindstaff, Everett J. Grindstaff, Ballinger, for appellee.

PHILLIPS, Chief Justice.

The Appellee brought suit against the Appellants to have a forty foot strip of land declared to be a public road and/or a public or private easement.

Upon a jury verdict the trial court rendered judgment that the strip of land in question is a public road by dedication and by prescription, and also that plaintiff, his heirs and assigns, have a private easement by prescription on the strip. In addition, the court permanently enjoined Appellee from obstructing or interfering with such private easement.

We affirm.

■ Appellants are before us on seven points of error the first of which is that of the trial court in rendering judgment for Appellee because R. K. Wylie is not a party hereto.

We overrule this point.

R. K. Wylie conveyed 100 acres less a forty foot strip on the north side of the tract (595.7[n. line] varas by 947.6 varas) in 1905.[1] Mr. Wylie or his successors in title still own the legal fee title to this strip and such title is not involved in this case. Only the right of the public or Appellee, to use this strip for a roadway is in issue between the parties to this suit.

Mr. Charles Olsak testified that this strip was fenced on both sides and used as a roadway as far back as 1910. There is no evidence that the owners of the fee title to the forty foot strip have ever contested or denied the right of the public or Appellee and his predecessors in title to use this strip for road purposes.

There is no evidence of a controversy between any party to this suit and the fee owners of the strip. It is obvious that such owners have for at least 60 years acquiesced in the use of this strip as reflected by this record by strangers to the title.

In Parks v. Hill County, 387 S.W.2d 956 (Tex.Civ.App., Waco, 1965, no writ), the County procured a mandatory injunction to require removal of an obstruction to a road and on appeal it was contended that the owners of the land transected by the road were necessary parties. The Court held that such question could not be raised for the first time in the Appellate Court, necessarily holding that such owners were not indispensable parties.

The question is annotated in 28 A.L.R.2d and the answer seems to depend on whether there is a dispute between the owner of the fee of the servient estate and those claiming a right of way easement. No such dispute is shown here.

Tex.R.Civ.P. 39, as construed in Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.1966), provides that "persons having a joint interest" are indispensable parties.

In Kelsey v. Hill, 433 S.W.2d 241 (Tex. Civ.App., Texarkana, 1968, no writ), Chief Justice Chadick defined "joint interest" as used in Rule 39 as follows:

"The term 'joint interest' means joined together in interest, a united interest or an interest shared in common. A comprehensive definition applicable in all cases detailing the meaning and procedural consequence of the term 'joint interest', as the term is used in the rule,

---

1. The record shows that this tract was out of the H. C. Wylie Survey 166 the north line of which was 1940 varas long and that all conveyances out of this survey reserved to grantors the north forty feet of such survey.

would be extremely difficult to fashion. For the purposes at hand a useable test for isolating indispensable parties may be suggested, however. It is this: When a person's interest in the subject matter of a suit is directly involved and must be considered and decided in the process of adjudicating the issues between the parties actually named in the suit, the person has a joint interest in the subject matter of the suit and is an indispensable party to the action."

The Wylies, under this record, have no interest in the subject matter of this suit requiring them to be brought in as indispensable parties for the reason that a dedication of property to public use may be shown in the absence of the owners of such property. A case directly in point is County of Calhoun v. Wilson, 425 S.W.2d 846 (Tex.Civ.App., Corpus Christi, 1968, writ ref. n. r. e.). In that case it was held that dedication of a "reserved" area in a deed to public purposes could be established in a suit to which the legal owners of the reserved area were not parties.

It would be folly to contend that Wylie would be an indispensable party if he had executed and filed for record a formal dedication of this road. If a common law dedication has the same vitality as a formal dedication then why should the dedicator be an indispensable party in the one case and not the other? No cases have been cited which hold that Wylie is an indispensable party under the facts of this case.

Mr. Wylie could have been called as a witness in this case and he could have testified to the physical facts concerning this road and its use. He could not have denied the reservation of the forty foot strip and he could not have denied an intention to dedicate if the evidence is sufficient to estop him.

Appellants contend that Mr. Wylie has a joint interest in this suit. Joint with whom? Certainly he does not have a joint interest with Appellants who as na-

ked trespassers are obstructing this roadway. Nor does Mr. Wylie have a joint interest with Appellee. It is not shown that Mr. Wylie owns any land adjacent or contiguous to this roadway or has any special interest entitling him to maintain this suit. See Easements, 21 Tex.Jur.2d, Sec. 58. If Mr. Wylie has any interest in this controversy it is adverse to both parties. The judgment herein does not purport to preclude Mr. Wylie. He may assert his rights, if any, whenever he chooses.

Appellants' point of error number two is that of the trial court in decreeing that the land in controversy is a public road by dedication because there is no evidence that such land was ever so dedicated.

We overrule this point.

The issue of public dedication was raised by Appellee in his pleadings and the jury found that the strip in question was dedicated as a public road.

In 1905, R. K. Wylie first began subdividing land in the area in question by conveying 100 acres, which is located immediately south and adjoining the road in question. In this conveyance, he excepted forty feet along the north line of said 100 acres, which the uncontroverted evidence shows to be the road in question. The metes and bounds description of the 100 acre tract leaves a forty foot strip along the entire north boundary. All future conveyances excepted said road from the conveyances.

As seen from the above and as below pointed out, intention is the essence of this type of dedication. At the time of the first conveyance in 1905, R. K. Wylie was the owner of all of the land in the area. At this particular time it was a known fact that people, as even now, needed access to their land, especially when one person was conveying smaller tracts out of a larger tract. By therefore looking at all of the conveyances involved around the area in question, R. K. Wylie in 1905 immediately intended to divest himself of his interest in

the forty foot road and the jury so found this question of fact in favor of the Appellee, 28 Tex.Jur.2d, pgs. 43 and 48. The Supreme Court of Texas has long held, as in City of Tyler v. Smith County, 151 Tex. 80, 246 S.W.2d 601 (1952), that:

"The act of throwing open property to public use, without any other formality, is sufficient to establish fact of dedication to public, and if individuals in consequence of such act, become interested to have it continue so, as by purchasing property, owner cannot resume it."

The chain of conveyances from 1905 until 1965 show that all owners have relied and purchased property in reliance upon this "throwing open" property for the use of the public. See County of Calhoun v. Wilson, 425 S.W.2d 846 (Tex.Civ.App., Corpus Christi, 1968, writ ref. n. r. e.).

Also see O'Connor v. Gragg, 161 Tex. 273, 339 S.W.2d 878 (1960). Also Dunn v. Deussen, 268 S.W.2d 266 (Tex.Civ.App., Fort Worth, 1954, writ ref. n. r. e.); Owens v. Hockett, 151 Tex. 503, 251 S.W.2d 957.

■ The period of time that the public must use the strip so dedicated is immaterial and a comparatively short period of time, in some instances, may be sufficient. 19 Tex.Jur.2d, p. 205; 28 Tex.Jur.2d, p. 49. All that is required that the use should be for such a period that it may fairly be inferred that the public desires to accept the offer of use and, certainly sixty-five years of acceptance is sufficient.

We need not notice Appellants' third and fourth points as they deal with theories of user over the roadway separate and apart from the theory of implied dedication.

In addition we overrule Appellants' fifth, sixth and seven points which complain of the error of the trial court in granting an injunction because there is no evidence Appellants tend to interfere with Appellee's use of the strip, because there is no jury findings on this point, because there is no evidence or jury finding that Appellee will suffer damage or has no adequate remedy at law.

We overrule these points.

There is evidence that Appellants were deep-plowing the strip in controversy thus making it difficult for Appellee to traverse. Under the facts before us the injunction was authorized.

The judgment of the trial court is affirmed.

Affirmed.