Constance RONDON, Appellant,

v.

William NORTON, Appellee.

No. 18154.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 29, 1979.

Lipscomb, Zachry & Kearney and Cue L. Lipscomb, Fort Worth, for appellant.

John A. Brady, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

The question on appeal is whether the lien holder of a motor vehicle registered under provisions of Tex.Rev.Civ.Stat.Ann. art. 6687–1 (1977), the Texas Certificate of Title Act, is an indispensable party, rather than merely a proper party. The question is arisen in litigation between a non-title holder and the holder of the legal title to settle equitable title thereto under a trust theory.

Pursuant to a trial before the court, without a jury, plaintiff William Norton obtained judgment against defendant Constance Rondon on a trust theory. There were no other parties to the suit at time of trial and judgment. Indeed, plaintiff discovered for the first time during the course of the trial that defendant, in whose name appeared the record legal title to the subject automobile, had borrowed money and permitted a lien on such vehicle to be registered as security for the loan.

On her appeal the defendant presents a single point of error, viz.:

"The Trial Court erred in overruling Appellant's Motion for New Trial and in Arrest of Judgment, with notice of the absence of a necessary party; namely, Western Savings and Loan Association, first lienholder of the automobile in question."

■ In this non-jury case no motion for new trial was necessary. By liberal construction the point seeks reversal for a new trial because of non-joinder of a party claimed to be indispensable to rendition of a valid judgment. If that truly is what occurred, the flaw in the judgment would be noticed by the appellate court, in that fundamental error would be apparent by the court's having proceeded in the absence of the indispensable party. *Petroleum Anchor Equipment, Inc. v. Tyra*, 406 S.W.2d 891 (Tex.1966).

■ The lienholder would not be an indispensable party unless the judgment rendered by the trial court concluded its rights. In other words the lienholder would not be an indispensable party unless judgment operated to destroy or impair its right to have repaid (by defendant) the balance of the indebtedness owed or to destroy or impair its security therefor, represented by its lien on the automobile. 44 Tex.Jur.2d, p. 238, *Parties* § 86, "(Time of objection and waiver)—On appeal".

■ Obviously the judgment did not impair the lienholder's right to recover its debt. The only remaining question would relate to loss or impairment of its lien. Aside from other considerations, the question is resolved because the lienholder's security is preserved by provisions of the Certificate of Title Act. See Sections we deem especially appropriate, viz.: Sec. 35, "Transfer by operation of law; new certificate"; Sec. 41, "Security interest; perfection"; and Sec. 42, "Notation of security interest; filing." Because the security is preserved, unimpaired, the lienholder was not an indispensable party.

■ Viewing the defendant's complaint as presented because of the lienholder's absence as a necessary party, i. e., one who simply ought to be joined if complete relief is to be accorded between those already parties, it is apparent that defendant has waived any right to complain because of antecedent failure to complain of the lienholder's absence as a party prior to trial. Furthermore, to compel the lienholder's joinder would have been a matter of discretion for the trial court even if timely urged, and under the circumstances of this case for the court to have proceeded with the trial could in no event have amounted to an abuse of discretion. Tex.R.Civ.P. 39, "Joinder of Persons Needed for Just Adjudication"; *Petroleum Anchor Equipment, Inc. v. Tyra*, 406 S.W.2d 891, 893.

Judgment is affirmed.