**ALLEGRO ISLE CONDOMINIUM ASSOCIATION, et al., Appellants,**

v.

**CASA ALLEGRO CORPORATION, Appellee.**

**No. 13–98–464–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 17, 2000.

John B. Meadows, Meadows & Welch, Richard L. Welch, Austin, for appellants.

Lia E. Rardin, Kevin J. Cook, Dallas, for appellee.

Before Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

**O P I N I O N**

Opinion by Justice YAÑEZ.

This is an appeal from a declaratory judgment action brought to settle the rights of two neighboring sets of condominiums concerning an easement between them. The trial court held that the mortgagees of the property owners seeking the easement were necessary and proper parties. Because the mortgagees were not joined in the action, the trial court refused to grant relief to either party. We hold that the trial court acted within its discretion in holding that the mortgagees were necessary and proper parties, and affirm the trial court's judgment.

The condominiums in question are situated along a circular peninsula. A circular paved driveway passes in front of the condominiums. A street approaches both sets of condominiums near the base of the circle, at what would be the "7:00 o'clock" position if the peninsula were conceived as the face of a clock. From the "8:00 o'clock" to the "2:00 o'clock"[1] positions are the condominiums of Allegro Isle Condominium Association (Allegro Isle) and Little Bay Condominiums. Little Bay Condominiums is not a party to this case. From the "2:00 o'clock" to the "5:00 o'clock" positions are the condominiums of Casa Allegro Corporation (Casa Allegro). Casa Allegro has erected a fence and other barriers at the "2:00 o'clock" position which impede Allegro Isle residents from passing along the circular drive at that point.

Many years ago the properties in question were owned jointly by Key Allegro Island Motel, Inc. Eventually Key Allegro Island Motel was split into separate condominiums, and in 1969 the properties which now make up Allegro Isle were granted an easement for ingress and egress along the circular drive from the "2:00 o'clock" posi-

---

1. The document granting the easement describes the property by reference to the appropriate lots and plats in the county records. The parties do not dispute the location of the alleged easement. We use the clock face metaphor in an effort to describe the lay of the properties in simpler terms.

tion to the "7:00 o'clock" position. However, Allegro Isle contends that the fence and other barriers placed in and across the easement have deprived it of the use and enjoyment of the easement. Casa Allegro contends that Allegro Isle quitclaimed all property rights, including the easement, in 1991.

The trial court did not reach the issues concerning whether the property owners of Allegro Isle currently possess an easement. The trial court found that mortgagees of the Allegro Isle properties were necessary and proper parties, and refused to grant any relief to either party in the absence of the mortgagees. Both parties argue that the trial court erred in making this finding, and ask for various relief on appeal. We hold that the trial court acted properly and affirm the trial court's judgment.

One statute and one rule of civil procedure must be considered in evaluating these issues. Section 37.006 of the Texas Civil Practice and Remedies Code provides:

> When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding.

TEX. CIV. PRAC. & REM.CODE ANN. § 37.006 (Vernon 1997).

And Texas Rule of Civil Procedure 39 provides:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.
>
> (b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

TEX.R. CIV. P. 39.

Although joinder of individuals claiming an interest which would be affected by the judgment is "mandatory," subdivision (b) of rule 39 nevertheless provides a basis for determining whether the action should proceed in the absence of such parties. *Clear Lake City Water Auth. v. Clear Lake Utils. Co.*, 549 S.W.2d 385, 389–90 (Tex.1977); *MCZ, Inc. v. Smith*, 707 S.W.2d 672, 675 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e). The determination of whether to proceed in the absence of such a party is a discretionary decision for the trial court. *Id.* A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998).

The parties rely on *Clear Lake, Caldwell v. Callender Lake Property Owners Improvement Assoc.,* 888 S.W.2d 903 (Tex. App.—Texarkana 1994, writ denied), *Rondon v. Norton,* 591 S.W.2d 322 (Tex.Civ. App.—Fort Worth 1979, no writ), and *Schwertner v. Jones,* 456 S.W.2d 956 (Tex. Civ.App.—Austin 1970, no writ). In each of those cases, the trial court exercised its discretion to proceed to judgment *without* the presence of the allegedly indispensable parties. The Texas Supreme Court in *Clear Lake,* as well as the courts of appeals in each of the other cases, held that the trial court did not abuse its discretion by proceeding to judgment without the allegedly indispensable parties. None of these cases say that the trial court *would have* abused its discretion if it had acted as the trial court did in this case, choosing *not* to render a judgment in the absence of the allegedly indispensable parties.

*Caldwell* concerned a challenge by two property owners to an increase in maintenance fees charged by the property owners association. After losing in the trial court, the property owners sought to have the trial court's judgment overturned on the ground that the trial court never should have adjudicated the case they brought before it because all of the other property owners were indispensable parties. *Caldwell,* 888 S.W.2d at 907. The appellants argued that the trial court's judgment would have *res judicata* effect on the other property owners. *Id.* The court of appeals rejected this argument because section 37.006(a) of the civil practice and remedies code specifically provides that a declaratory judgment does not prejudice the rights of any person not a party to the proceeding. *Id.* (*citing* TEX. CIV. PRAC. & REM.CODE § 37.006(a)). Because the trial court in the instant case refused to declare the rights of any parties, section 37.006(a) is not implicated, and *Caldwell* is inapposite.

In *Rondon,* the court held that a lienholder on a vehicle was not an indispensable party to a title dispute between the holder of legal title and a non-title holder. The court held that, because the Certificate of Title Act protected the lienholder's security interest regardless of the outcome of the litigation, the lienholder was not an indispensable party. *Rondon,* 591 S.W.2d at 323. In contrast, if the Allegro Isle properties were declared not to have an easement across Casa Allegro, the security interest of the mortgagees would be affected.

In *Schwertner,* the parties disputed whether the public had a right to travel along a strip of land. In considering whether the fee owner of the strip of land was an indispensable party, the court noted that "the answer seems to depend on whether there is a dispute between the owner of the fee of the servient estate and those claiming a right of way by easement." *Schwertner,* 456 S.W.2d at 957. There was no such dispute in *Schwertner,* and the court held that the fee owner of the strip was not an indispensable party. *Id.* at 957–58. In the instant case, there is a controversy between the owner of the fee of the servient estate (Casa Allegro) and those claiming a right of way by an easement (Allegro Isle).

Courts in other jurisdictions have upheld trial court decisions requiring the presence of mortgagees in disputes over the rights of the mortgaged properties. In *Hafner v. Freeman,* 285 N.Y. 831, 35 N.E.2d 501 (1941), the Appellate Division of the New York Supreme Court had reversed the trial court in an easement dispute on the ground that mortgagees of a parcel of property with an interest in the dispute were necessary parties. *Id.* The New York Court of Appeals affirmed. *Id.* In *Carter v. Sullivan,* 281 Mass. 217, 183 N.E. 343, 348 (1932), a second mortgagee was held to be "at least a proper party" to the dispute because the judgment "would affect his property rights and possibly diminish the value of his security."

We hold that the trial court did not abuse its discretion in holding that the mortgagees of the Allegro Isle condomini-

ums were necessary parties. Evidence was presented by the residents of Allegro Isle that they consider the inability to exit the peninsula through the Casa Allegro area to be a significant inconvenience, and even a safety hazard. These kinds of concerns could affect Allegro Isle property values, thereby affecting the mortgagees' security interests.

We do not hold that it would have been reversible error for the trial court to proceed to judgment without the mortgagees. Rather, the trial court had discretion to determine whether to proceed to judgment without the mortgagees, or to refuse to render judgment without their presence. *Clear Lake*, 549 S.W.2d at 390; *MCZ*, 707 S.W.2d at 675. We hold that the trial court did not abuse that discretion, and affirm the judgment of the trial court.