NUMBER 13-98-464-CV

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ____________________________________________________________________ 



ALLEGRO ISLE CONDOMINIUM 

ASSOCIATION, ET AL., Appellants, 



v.

 

CASA ALLEGRO CORPORATION, Appellee. 

___________________________________________________________________ 



On appeal from the 156th District Court of Aransas County, Texas.


____________________________________________________________________ 



O P I N I O N

 

Before Justices Hinojosa, Yañez, and Rodriguez 

Opinion by Justice Yañez

 





 This is an appeal from a declaratory judgment action brought to settle the rights of two neighboring sets of condominiums
concerning an easement between them. The trial court held that the mortgagees of the property owners seeking the
easement were necessary and proper parties. Because the mortgagees were not joined in the action, the trial court refused
to grant relief to either party. We hold that the trial court acted within its discretion in holding that the mortgagees were
necessary and proper parties, and affirm the trial court's judgment. 

 The condominiums in question are situated along a circular peninsula. A circular paved driveway passes in front of the
condominiums. A street approaches both sets of condominiums near the base of the circle, at what would be the "7:00
o'clock" position if the peninsula were conceived as the face of a clock. From the "8:00 o'clock" to the "2:00 o'clock"(1)
positions are the condominiums of Allegro Isle Condominium Association (Allegro Isle) and Little Bay Condominiums. 
Little Bay Condominiums is not a party to this case. From the "2:00 o'clock" to the "5:00 o'clock" positions are the
condominiums of Casa Allegro Corporation (Casa Allegro). Casa Allegro has erected a fence and other barriers at the
"2:00 o'clock" position which impede Allegro Isle residents from passing along the circular drive at that point. 







 Many years ago the properties in question were owned jointly by Key Allegro Island Motel, Inc. Eventually Key Allegro
Island Motel was split into separate condominiums, and in 1969 the properties which now make up Allegro Isle were
granted an easement for ingress and egress along the circular drive from the "2:00 o'clock" position to the "7:00 o'clock"
position. However, Allegro Isle contends that the fence and other barriers placed in and across the easement have deprived
it of the use and enjoyment of the easement. Casa Allegro contends that Allegro Isle quitclaimed all property rights,
including the easement, in 1991. 

 The trial court did not reach the issues concerning whether the property owners of Allegro Isle currently possess an
easement. The trial court found that mortgagees of the Allegro Isle properties were necessary and proper parties, and
refused to grant any relief to either party in the absence of the mortgagees. Both parties argue that the trial court erred in
making this finding, and ask for various relief on appeal. We hold that the trial court acted properly and affirm the trial
court's judgment. 

 One statute and one rule of civil procedure must be considered in evaluating these issues. Section 37.006 of the Texas
Civil Practice and Remedies Code provides: 

When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must
be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding. 



Tex. Civ. Prac. & Rem. Code Ann. § 37.006 (Vernon 1997). 

And Texas Rule of Civil Procedure 39 provides: 

(a) Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if
(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to
the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter
impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial
risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been
so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made
a defendant, or, in a proper case, an involuntary plaintiff. 



 (b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a) (1)-(2) hereof
cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among
the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be
considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to
him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief,
or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence
will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder. 



Tex. R. Civ. P. 39. 



 Although joinder of individuals claiming an interest which would be affected by the judgment is "mandatory," subdivision
(b) of rule 39 nevertheless provides a basis for determining whether the action should proceed in the absence of such
parties. Clear Lake City Water Auth. v. Clear Lake Utils. Co., 549 S.W.2d 385, 389-90 (Tex. 1977); MCZ, Inc. v. Smith,
707 S.W.2d 672, 675 (Tex. App.--Houston [1st Dist.] 1986, writ ref'd n.r.e). The determination of whether to proceed in
the absence of such a party is a discretionary decision for the trial court. Id. A trial court abuses its discretion when it rules
arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. Bocquet v. Herring,
972 S.W.2d 19, 21 (Tex. 1998). 

 The parties rely on Clear Lake, Caldwell v. Callender Lake Property Owners Improvement Assoc., 888 S.W.2d 903 (Tex.
App.--Texarkana 1994, writ denied), Rondon v. Norton, 591 S.W.2d 322 (Tex. Civ. App.--Fort Worth 1979, no writ), and
Schwertner v. Jones, 456 S.W.2d 956 (Tex. Civ. App.--Austin 1970, no writ). In each of those cases, the trial court
exercised its discretion to proceed to judgment without the presence of the allegedly indispensable parties. The Texas
Supreme Court in Clear Lake, as well as the courts of appeals in each of the other cases, held that the trial court did not
abuse its discretion by proceeding to judgment without the allegedly indispensable parties. None of these cases say that the
trial court would have abused its discretion if it had acted as the trial court did in this case, choosing not to render a
judgment in the absence of the allegedly indispensable parties. 

 Caldwell concerned a challenge by two property owners to an increase in maintenance fees charged by the property
owners association. After losing in the trial court, the property owners sought to have the trial court's judgment overturned
on the ground that the trial court never should have adjudicated the case they brought before it because all of the other
property owners were indispensable parties. Caldwell, 888 S.W.2d at 907. The appellants argued that the trial court's
judgment would have res judicata effect on the other property owners. Id. The court of appeals rejected this argument
because section 37.006(a) of the civil practice and remedies code specifically provides that a declaratory judgment does not
prejudice the rights of any person not a party to the proceeding. Id. (citing Tex. Civ. Prac. & Rem. Code§ 37.006(a)). 
Because the trial court in the instant case refused to declare the rights of any parties, section 37.006(a) is not implicated,
and Caldwell is inapposite. 

 In Rondon, the court held that a lienholder on a vehicle was not an indispensable party to a title dispute between the holder
of legal title and a non-title holder. The court held that, because the Certificate of Title Act protected the lienholder's
security interest regardless of the outcome of the litigation, the lienholder was not an indispensable party. Rondon, 591
S.W.2d at 323. In contrast, if the Allegro Isle properties were declared not to have an easement across Casa Allegro, the
security interest of the mortgagees would be affected. 

 In Schwertner, the parties disputed whether the public had a right to travel along a strip of land. In considering whether the
fee owner of the strip of land was an indispensable party, the court noted that "the answer seems to depend on whether
there is a dispute between the owner of the fee of the servient estate and those claiming a right of way by easement." 
Schwertner, 456 S.W.2d at 957. There was no such dispute in Schwertner, and the court held that the fee owner of the strip
was not an indispensable party. Id. at 957-58. In the instant case, there is a controversy between the owner of the fee of the
servient estate (Casa Allegro) and those claiming a right of way by an easement (Allegro Isle). 





 Courts in other jurisdictions have upheld trial court decisions requiring the presence of mortgagees in disputes over the
rights of the mortgaged properties. In Hafner v. Freeman, 35 N.E.2d 501 (N.Y. 1941), the Appellate Division of the New
York Supreme Court had reversed the trial court in an easement dispute on the ground that mortgagees of a parcel of
property with an interest in the dispute were necessary parties. Id. The New York Court of Appeals affirmed. Id. 
InCarter v. Sullivan, 183 N.E. 343, 348 (Mass. 1932), a second mortgagee was held to be "at least a proper party" to the
dispute because the judgment "would affect his property rights and possibly diminish the value of his security." 

 We hold that the trial court did not abuse its discretion in holding that the mortgagees of the Allegro Isle condominiums
were necessary parties. Evidence was presented by the residents of Allegro Isle that they consider the inability to exit the
peninsula through the Casa Allegro area to be a significant inconvenience, and even a safety hazard. These kinds of
concerns could affect Allegro Isle property values, thereby affecting the mortgagees' security interests. 

 We do not hold that it would have been reversible error for the trial court to proceed to judgment without the mortgagees. 
Rather, the trial court had discretion to determine whether to proceed to judgment without the mortgagees, or to refuse to
render judgment without their presence. Clear Lake, 549 S.W.2d at 390; MCZ, 707 S.W.2d at 675. We hold that the trial
court did not abuse that discretion, and affirm the judgment of the trial court. 





 

____________________________________ 

LINDA REYNA YAÑEZ 

Justice 







Publish. Tex. R. App. P. 47.3. 



Opinion delivered and filed this the 

17th day of August, 2000. 

1. The document granting the easement describes the property by reference to the appropriate lots and plats in the county
records. The parties do not dispute the location of the alleged easement. We use the clock face metaphor in an effort to
describe the lay of the properties in simpler terms.