In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00043-CV
______________________________


ROOSEVELT J. JONES, Appellant
 
V.
 
JOHN C. SMITH, Appellee


                                              

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 74-03


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            A judgment was entered establishing a boundary between property owned by Roosevelt J.
Jones and John C. Smith in accordance with a survey prepared by Smith's surveyor, Dan Hampton. 
By way of a declaratory judgment, the trial court also granted Smith a judgment against Jones for
damages of $8,943.00 and attorney's fees of $10,000.00. Jones presents several issues: (1) legal and
factual sufficiency of the evidence to support the determination of placement of the boundary line;
(2) use of a declaratory judgment in granting relief; (3) failure to abate the case due to nonjoinder
of other cotenants; and (4) failure to rule on Jones' motion for sanctions for discovery abuse and
summary judgment.


 We reform the judgment to delete the damages and attorney's fee awards and
otherwise affirm the judgment. 
            Approximately seven and one-half acres of wooded property is involved in this boundary line
dispute. Jones' family has owned one parcel since at least the early 1940's, and Smith's family has
owned the other since 1973. Smith built a fence in 1997 across their adjoining boundary, in the
location of a prior fence. Jones, who had not seen this portion of the property for over fifty years,
discovered the fence in what he remembered as the wrong place. He also had some objective support
for that belief, based on a survey of an adjoining tract. Jones moved a portion of the fence to the
location he believed was proper; Smith then filed suit to determine the boundary of the properties.
            Two weeks after the judgment was signed, the Texas Supreme Court rendered its opinion in
Martin v. Amerman, 133 S.W.3d 262 (Tex. 2004). In that opinion, the court agreed that, because
the boundary dispute involved title to a strip of land, it was in the nature of a trespass to try title
action and must be treated as such. 
            This is purely a boundary dispute. The court in Martin held that the strict pleading and proof
requirements for a trespass to try title action are relaxed in cases where the only issue is the location
of a boundary line. Id. at 268. The court recognized that, although title to the disputed property was
obviously at issue, there was a "procedural distinction between trespass-to-try-title actions and
boundary disputes for jurisdictional and evidentiary purposes, . . . ." Id. at 267.


 Thus, in this case,
where boundary is the sole issue, it is necessary to establish, by adequate proof, the location of the
boundary line between the properties. 
            Jones first contends the evidence is factually and legally insufficient to support the court's
decision setting the boundary.



1.         Legal and factual sufficiency of the evidence to support the placement of the boundary
line

            In determining a no-evidence issue, we are to consider only the evidence and inferences that
tend to support the finding and disregard all evidence and inferences to the contrary. Bradford v.
Vento, 48 S.W.3d 749, 754 (Tex. 2001); Cont'l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450
(Tex. 1996). Anything more than a scintilla of evidence is legally sufficient to support the finding. 
Cazarez, 937 S.W.2d at 450. When considering a factual sufficiency challenge to a jury's verdict,
courts of appeals must consider and weigh all of the evidence, not just that evidence which supports
the verdict. Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998). A court of appeals can
set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the
verdict is clearly wrong and unjust. Id.; Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 
            Smith provided evidence that the fence was on the boundary line determined by a surveyor
in 1973 when Smith's predecessor in title (his father) had purchased the property. The fence was on
that line in 1986, and the evidence was that, when Smith replaced the fence in 1997 he put it exactly
where it had been before. After this dispute arose, Hampton again surveyed the property in
September 1999 at Smith's request. He testified that, based on his review of the deeds and the
property, the boundary line shown by the fence was correct. He also acknowledged the dispute about
the location of this property line, which was based on a disputed call in a 1932 deed conveying a
piece of property to the east of these tracts. There was also a disparity between the amount of
acreage set out in Jones' deed and the actual acreage. However, even if the fence was placed as Jones
urged, his total acreage would be less than as provided in his deed. 
            Hampton also acknowledged that surveys done by the previous surveyor, Mr. McClelland,
were inconsistent. McClelland's 1961 survey had set out one property line, but McClelland changed
that survey in 1973 to reflect the current location of the line at issue. Hampton testified he found
nothing on the ground to support the 1961 location, but did find pins to support its present location. 
Hampton also testified that the changed location of the line made the mathematical calculations for
the amount of land stated in the deed to Smith correct—calculations for the previous line resulted
in fewer acres than were set out in the deeds going back through the decades. Hampton was also
questioned about the deed transferring ownership to Jones and noted that the tract was described in
terms of acreage instead of boundary descriptions. 
            Jones testified he lived on the property until 1944 and took care of it after his parents died. 
He became aware of the new fence in 1999 and testified that it was in a different location than he
remembered. He based that belief on his memories from fifty-five years earlier, which was the last
time he had been on the northern boundary of the property, and on a measurement he took from a
call set out in the deed to an adjoining piece of property. Jones' father sold a forty-acre tract to Leon
Ford in 1932. Jones believes the property line he shares with Smith is approximately 150 feet north
of the line established by the survey. He came to this conclusion based on a reference to a 480 varas
call in the 1932 deed to Leon Ford's property, which adjoins his property. It is his belief that Ford's
west boundary line is coextensive with his east boundary line. He testified that, after converting the
480 varas measurement to feet, he then measured the distance and moved the fence accordingly. 
            The evidence in favor of the verdict, as set out above, is legally sufficient to support the
verdict. Considering all of the evidence as summarized above, although there is conflict to be
resolved, it does not appear that the fact-finder reached its verdict against the great weight and
preponderance of the evidence.
2.         Use of a declaratory judgment in granting relief
            Jones next contends that the court erred by rendering the judgment in the form of a
declaratory judgment, because that remedy has no application here, and because this is in the nature
of a trespass to try title claim. He further argues the monetary awards linked to that cause of action
must, therefore, be deleted.
            This judgment was rendered, in part, as a declaratory judgment. Boundary disputes are not
amenable to declaratory judgment. Martin, 133 S.W.2d 262. Based on the Martin case, Smith
acknowledges that the attorney's fees and damages awarded are improper. That contention of error
is meritorious, and we reform the judgment to delete those awards. 
3.         Failure to abate the case due to nonjoinder of other cotenant
            On the day before trial, Jones filed a motion asking to abate the case because Smith had not
joined all necessary and indispensable parties. Jones alleges that he is one of several cotenants of
the property and argued that they are necessary parties to the suit and that the cause should, therefore,
be abated. 
            This issue is directly controlled by Tex. R. Civ. P. 39.


 The determination of whether to
proceed in the absence of such a party is a discretionary decision for the trial court. Clear Lake City
Water Auth. v. Clear Lake Utils. Co., 549 S.W.2d 385, 389–90 (Tex. 1977); Allegro Isle Condo.
Ass'n v. Casa Allegro Corp., 28 S.W.3d 676, 678 (Tex. App.—Corpus Christi 2000, no pet.); MCZ,
Inc. v. Smith, 707 S.W.2d 672, 675 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e). A trial
court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal
principles, or without supporting evidence. Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998).
             Smith brought this lawsuit because Jones disputed the location of the boundary line, moved
a portion of the fence, and thereby "placed a cloud" on his title to the property. As pointed out by
Smith at the hearing, Jones is the only one of the cotenants who had indicated any disagreement
about the location of the boundary. Smith also acknowledged that he wanted to proceed with the
lawsuit and that he might have to repeat the action against the other coowners if they chose to raise
similar claims.
            The rules of joinder provide that a person shall be joined as a party in the action (1) if, in his
or her absence, complete relief cannot be accorded among those already parties, or (2) if he or she
claims an interest relating to the subject of the action and is so situated that the disposition of the
action in his or her absence may, as a practical matter, impair or impede his or her ability to protect
that interest or leave any of the persons already parties subject to a substantial risk of incurring
double, multiple, or otherwise inconsistent obligations by reason of his or her claimed interest. 
Under the language used in the rule, it is clear that none of the other cotenants had "claimed an
interest" in the portion of the property in dispute in this suit. 
            The Texas Supreme Court has specifically stated that it would be rare indeed if there were
a person whose presence was so indispensable that his or her absence deprived the court of
jurisdiction to adjudicate between the parties already joined. Cox v. Johnson, 638 S.W.2d 867, 868
(Tex. 1982); Caldwell v. Callender Lake Prop. Owners Improvement Ass'n, 888 S.W.2d 903, 907
(Tex. App.—Texarkana 1994, writ denied).
            Even more recently, in the context of a declaratory judgment and a suit brought by members
of a homeowner's association, the court held that the failure to join other landowners in a subdivision
property owner's action against a homeowners' association did not deprive the trial court of
jurisdiction, and returned the case to this Court for consideration of the remaining issues. Simpson
v. Afton Oaks Civic Club, Inc., 145 S.W.3d 169 (Tex. 2004). The court applied the analysis that it
used in Brooks v. Northglen Ass'n, 141 S.W.3d 158 (Tex. 2004), in which it held that a declaratory
judgment action against a property owners' association would not prejudice the rights of the other
property owners because unjoined owners would not be bound by the suit, noting that nothing
prevented the trial court from rendering complete relief to those parties before it, and if the
homeowners' association were exposed to multiple suits, that was the result of its own inaction.
            We also note that the motion to abate and join new parties was filed the day before trial,
when the information necessary to pursue the motion had been known since the suit had been filed
a year earlier. See Akinwamide v. Transp. Ins. Co., 147 S.W.3d 623 (Tex. App.—Corpus Christi
2004, no pet.) (finding that a trial court did not abuse its discretion by denying a motion to join
additional parties seventeen days before trial, which would surely have required postponing the trial).
Trial courts are guided by Rule 37 of the Texas Rules of Civil Procedure when deciding whether to
allow the joinder of another party at a time which would unreasonably delay the trial of the case. See
Tex. R. Civ. P. 37.



            We conclude that the court did not abuse its discretion by denying the motion to abate.
 4.         Failure to rule on Jones' motion for sanctions for discovery abuse and motion for
summary judgment

            Jones next contends the trial court erred by failing to impose sanctions on Smith for
discovery abuse and for failing to rule on Jones's motion for summary judgment.
            Jones' argument is: if sanctions had been imposed keeping Smith from entering his deeds
into evidence, Jones would have prevailed at trial, and the sanctions could also have resulted in the
court granting his motion for summary judgment.
            Jones filed both motions October 8, 2003, and he states in his brief that he requested a setting
on them. Smith argues that Tex. R. App. P. 33.1 controls in this case, because Jones never sought
to obtain a ruling on either motion. 
            The Texas Supreme Court has directed that "the failure to obtain a pretrial ruling on
discovery disputes that exist before commencement of trial constitutes a waiver of any claim for
sanctions based on that conduct." Remington Arms Co. v. Caldwell, 850 S.W.2d 167, 170 (Tex.
1993); Martin v. Commercial Metals Co., 138 S.W.3d 619, 623 (Tex. App.—Dallas 2004, no pet.). 
This is in accord with the general rule that, as a prerequisite to a complaint for appellate review, the
record must show that the trial court, either expressly or implicitly, ruled on the motion. Tex. R.
App. P. 33.1(a)(2)(A). Thus, similarly, the failure to obtain a ruling on the motion for summary
judgment has not preserved any error for our review. The contention of error is overruled.
            We reform the judgment to delete the monetary awards made pursuant to the declaratory
judgment, and otherwise affirm.
            Rule 43.4 provides that a court of appeals should award costs to the prevailing party. Tex.
R. App. P. 43.4. In this case, no party prevailed on all of the principal issues. We, therefore,
apportion the costs between the parties. See, e.g., City of Austin v. Capitol Livestock Auction Co.,
453 S.W.2d 461, 465 (Tex. 1970); Burke v. Union Pac. Res. Co., 138 S.W.3d 46, 75–76 (Tex.
App.—Texarkana 2004, pet. granted) (op. on reh'g). Costs are apportioned at one half to each party.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          January 20, 2005
Date Decided:             February 9, 2005